UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY MAJOR CLAY, | ) | CASE NO. 5:04 CV 2264 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff Larry Major Clay's "Affidavit/Motion seeking Relief from Judgment Pursuant to Civ. R. Rule [sic] 60(A)(B)(5) entered 2-15-05, under grounds of an [sic] Clerical Mistake in Judgment Arising from an Oversight and Other Reasons Justifying from [sic] the Judgment." [Dkt.# 6]. In his motion, Mr. Clay seeks reconsideration of this court's Memorandum of Opinion and Order, dated February 15, 2005, dismissing his complaint as barred by the applicable statute of limitations and the doctrine of res judicata, and further noting that even if the complaint could overcome these insurmountable obstacles, it would nonetheless be subject to dismissal pursuant to the holdings of Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and Heck v. Humphrey, 512 U.S. 477, 486 (1994). It is clear from Mr. Clay's Motion that he believes his case has merit and that this court should reconsider its

decision to dismiss the action.

Mr. Clay contends he is entitled to relief from judgment under FED. CIV. R. 60(a) & (b). Rule 60(a) provides, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...." FED.R.CIV.P. 60(a). The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. Pruzinsky v. Gianetti (In re Walter), 282 F.3d 434, 440 (6th Cir. 2002). Mr. Clay fails to identify any clerical errors in the court's Memorandum of Opinion and Order. It appears instead that he disagrees with this court's legal conclusions. Rule 60(a) does not authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment. Id. Because Mr. Clay has not based his request for relief on a mechanical or clerical error in the judgment, he cannot obtain relief under Rule 60(a).

Rule 60(b) permits a district court to revisit the substance of its judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). Mr. Clay asserts he is entitled to relief under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v.

Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). In requesting relief under subsection (b)(6), Mr. Clay merely restates the facts and arguments contained in his pleading. A movant under Rule 60(b) fails to demonstrate entitlement to relief when he simply rephrases his prior allegations. Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). Rule 60(b) does not permit parties to relitigate the merits of claims. In re Abdur'Rahman, 392 F.3d 174, 179 (6th Cir. 2004). Considering his assertions, Mr. Clay has not shown an unusual and extreme situation "where principles of equity mandate relief." Id. at 365-66.

Accordingly, Mr. Clay's "Affidavit/Motion seeking Relief from Judgment Pursuant to Civ. R. Rule [sic] 60(A)(B)(5) entered 2-15-05, under grounds of an [sic] Clerical Mistake in Judgment Arising from an Oversight and Other Reasons Justifying from [sic] the Judgment." [Dkt.#6] is **denied**.

IT IS SO ORDERED.

                                                            s/John R. Adams 5/9/05
                                                            JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE